UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| LINDA C. SCHMIDT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:07-cv-335 |
| | ) | |
| INTERNATIONAL TRUCK AND ENGINE CORPORATION, | ) ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is a motion to appoint counsel (Docket # 7) filed by *pro se* Plaintiff Linda Schmidt on February 27, 2008, requesting that this Court appoint an attorney to represent her in this employment discrimination case.  On February 28, 2008, the Court took Schmidt's motion under advisement and instructed her to file a questionnaire for appointment of counsel (Docket # 8), which she did one month later (Docket # 15).  Having now considered Schmidt's questionnaire, her motion will be DENIED for the reasons set forth herein.

## LEGAL STANDARD

Civil litigants do not have a right, either constitutional or statutory, to court-appointed counsel. *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995); *Lindsey v. Concord Buying Group*, No. 1:06-CV-413, 2007 WL 4299581, at *1 (N.D. Ind. Dec. 6, 2007).  Rather, the standards under Title VII, 42 U.S.C. § 2000e-5(f)(1), and the ADEA are identical; district courts are empowered to appoint an attorney to represent a plaintiff without charge "in such circumstances as the court may deem just." *See Jones v. WFYR Radio/RKO Gen.*, 626 F.2d 576, 577 (7th Cir. 1980), *overruled on other grounds by Randle v. Victor Welding Supply Co.*, 664 F.2d 1064 (7th

Cir. 1981); *see also Mullett v. Supreme Corp.*, No. 3:02-CV-665 RM, 2006 WL 2623302, at *1 (N.D. Ind. Sept. 12, 2006); *Defalco v. Oak Lawn Pub. Library*, No. 99 C 2137, 2000 WL 528529, at *1 (N.D. Ill. Apr. 24, 2000).

The Seventh Circuit has enumerated three factors to be weighed by the district court when determining whether appointment of counsel is warranted: (1) the merits of the plaintiff's claims; (2) the plaintiff's own efforts to secure legal representation; and (3) the plaintiff's financial ability to retain private counsel. *See Darden v. Ill. Bell Tel. Co.*, 797 F.2d 497, 500-501 (7th Cir. 1986) (quoting *Jones*, 626 F.2d at 577); *see also Lindsey*, 2007 WL 4299581, at *1; *Mullett*, 2006 WL 2623302, at *1; *Defalco*, 2000 WL 528529, at *1.  Although any one of these factors may be determinative, the court should consider all three factors to make a complete record. *Darden*, 797 F.2d at 500-501.

## ANALYSIS

Applying this three-factor analysis to the instant circumstances, it is difficult at present to assess the merits of Schmidt's claims.  We do know, however, that at least three attorneys have chosen to pass up the opportunity to represent her. (*See* Mot. for Appointment of Counsel 1.) This circumstance speaks rather directly to the merits of her case and raises a fair inference that these attorneys did not view her case as meritorious.

Perhaps equally important is the fact that Schmidt seems fully capable of litigating these claims herself.  This suit is a relatively straightforward employment discrimination action that also advances certain state law claims; Schmidt claims that she was discriminated against on the basis of her gender, age, and a disability when she was denied certain promotions and terminated by her former employer, the Defendant. (Am. Compl. ¶¶ 1-4.)  Schmidt has already filed competent briefs in this case, adequately articulated her claims, sought relief through various

motions, and responded to Defendant's motions. (*See, e.g.*, Docket # 1-2, 6-7, 16-18.)  In fact, Schmidt emphasizes in her Amended Complaint that she obtained a Bachelor of Science in Computer Science from Purdue University, graduating in the top ten percent of her class, and that she has completed two-thirds of an MBA program at Indiana Wesleyan University, where she was receiving all "A" grades. (Am. Compl. ¶¶ 3, 17.)  She further explains that she worked for Defendant as an engineering analyst and compliance coordinator. (Am. Compl. ¶ 4.)  Consequently, it can be inferred that Schmidt is literate and has reasonably good communication skills, at least at a sufficient level to maintain that employment for nearly eight years. (*See* Am. Compl. ¶ 4.)  Moreover, the facts of the case are within her particular knowledge; thus, the task of discovery is apt to be quite limited and certainly not insurmountable.

Furthermore, the questionnaire filed by Schmidt (Docket # 15) suggests that she has the financial ability to retain private counsel.  It reflects that in the last twelve months she has received over $9,000 in unemployment benefits, over $10,000 through an inheritance, over $11,000 from an accident settlement, and in excess of $500 in dividends.  Moreover, Schmidt represents that she, together with her husband, have $40,000 in cash in the bank and over $100,000 in other financial assets; they also own three automobiles, have $50,000 of equity in their home, and own farmland valued at $300,000.  Also, her husband, who is currently employed, earns a net pay of $2,500 per month.  As stated in District Judge Van Bokkelen's Order dated January 10, 2008 (Docket # 3), denying Schmidt *in forma pauperis* status, "[t]he 2007 poverty guidelines for a family of four living in Indiana is $20,650."

In short, Schmidt appears to be competent to represent herself in this suit, it does not appear that appointing counsel will make a difference in the outcome, and she seemingly has the financial means to obtain private counsel. *See Zarnes*, 64 F.3d at 299.  Consequently, her motion

will be DENIED.

## CONCLUSION

For the reasons stated herein, Plaintiff's motion requesting the appointment of counsel (Docket # 7) is DENIED.  Plaintiff is, of course, free to attempt to secure counsel on her own.

SO ORDERED.

Enter for this 17th day of April, 2008.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge