# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | | |
|---|---|---|
| LINDA C. SCHMIDT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:07-CV-335 JVB |
| | ) | |
| INTERNATIONAL TRUCK AND | ) | |
| ENGINE CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff Linda C. Schmidt, who is not represented by counsel, brought an eight-count

complaint against her former employer, Defendant Navistar (improperly named as International

Truck and Engine Corporation), alleging sex and age discrimination, breach of contract, breach

of implied covenant of good faith and fair dealing, wrongful discharge, intentional infliction of

emotional distress, fraud, and hostile work environment.

The Defendant moved to dismiss the state law claims under Federal Rule of Civil

Procedure 12(b)(6); it also requests that the fraud claim be dismissed under Rule 9(b). The

Plaintiff responded to the motion and has also moved to amend her complaint. The proposed

amendments expound on the existing claims and attempt to add five new ones: invasion of

privacy, unsafe and unhealthy working environment, blacklisting, retaliation for whistleblowing,

and retaliation for complaining to Equal Employment Opportunity Commission. The Plaintiff

also seeks to strike the Defendant's motion to dismiss.

The Defendant objects to both motions.

In responding to the Defendant's objections, the Plaintiff requests that she be allowed to

further amend her fraud claim.

## A.      Motion to Amend

The Plaintiff requests leave to amend her complaint. Since several of the proposed

amendments are not futile, the Court will allow the changes. *See* Fed. R. Civ. P. 15(a) ("[L] leave

shall be freely given when justice so requires." Fed. R. Civ. P 15(a). The Court will address the

Defendant's motion to dismiss in relation to the Amended Complaint (DE 30).

## B.      Standard for Evaluating a Motion to Dismiss

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim

is to test the sufficiency of the pleading, not to decide the merits of the case. *See Gibson v. Chi.*,

910 F.2d 1510, 1520 (7th Cir. 1990). In considering a motion to dismiss a counterclaim, a court

must accept as true all the well-pleaded material facts and must draw all reasonable inferences

from those facts in the light most favorable to the pleader. *Perkins v. Silverstein*, 939 F.2d 463,

466 (7th Cir. 1991).

In *Bell Atlantic Corp. v. Twombly*,127 S.Ct. 1955 (2007*),* the Supreme Court "retooled

federal pleading standards, retiring the oft-quoted [*Conley v. Gibson*, 355 U.S. 42, 47 (1957)]

formulation that a pleading "should not be dismissed for failure to state a claim unless it appears

beyond doubt that the [pleader] can prove no set of facts in support of his claim which would

entitle him to relief.'" *Killingsworth v HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618, (7th Cir.

2007). The factual allegations of the pleading must be enough to raise a right to relief above the

speculative level; the pleading must contain enough facts to state a claim to relief that is

plausible on its face. *Id*. The Court of Appeals for the Seventh Circuit, reading *Bell Atlantic* and

*Erickson v. Pardus,*127 S.Ct. 2197 (2007)[1] together, has said "we understand the Court to be

saying only that at some point the factual detail in a complaint may be so sketchy that the

complaint does not provide the type of notice of the claim to which the defendant is entitled

under Rule 8.**"** *Airborne Beepers & Video, Inc. v. AT &T Mobility LLC***,** 499 F.3d 663, 667 (7th

Cir 2007).

A complaint alleging fraud has additional requirements not covered by Rule 12(b)(6):

"[i]n alleging fraud . . . , a party must state with particularity the circumstances constituting fraud

. . . . Malice, intent, knowledge, and other conditions of a person's mind may be alleged

generally." Fed. R. Civ. P. 9(b).


**C.** **Discussion**

**(1)** *Count 4: Breach of Contract*

In Count 4 of the Amended Complaint, the Plaintiff alleges that the Defendant breached

her employment contract. The Plaintiff believes that she had an express employment contract

with the Defendant because

> defendant represented to employees in various writings, including but not limited
> to, personnel policies and procedure manuals, retirement and profit-sharing plan
> and employee guidelines, that their relationship with defendants would be based
> on good faith, that employees would be treated fairly and equitably, that
> employees would be judged on the basis of individual merit and ability, and that
> employees would receive just compensation for their services rendered to [the
> Defendant].

(Am. Compl. at 16 ¶77.) The Plaintiff claims that, even though she performed her part of the

---

[1]*Erickson* was decided two weeks after *Bell Atlantic*.

bargain by being a dutiful employee, the Defendant has failed to keep its promise and fired her instead.

> Historically, Indiana has recognized two basic forms of employment: (1) employment for a definite or ascertainable term; and (2) employment at-will. If there is an employment contract for a definite term, and the employer has not reserved the right to terminate the employment before the conclusion of the contract, the employer generally may not terminate the employment relationship before the end of the specified term except for cause or by mutual agreement. If there is no definite or ascertainable term of employment, then the employment is at-will, and is presumptively terminable at any time, with or without cause, by either party.

*Orr v. Westminster Village N., Inc.*, 689 N.E.2d 712, 717 (Ind. 1997). The Plaintiff's Amended Complaint makes no mention of a definite or ascertainable term of employment. Therefore, her claim for breach of contract must be dismissed, unless she can show that she is excepted from this tenet.

There are three exceptions to the employment-at-will doctrine: "First, if an employee establishes that an "adequate independent consideration" supports the employment contract, the Court generally will conclude that the parties intended to establish a relationship in which the employer may terminate the employee only for good cause." *Id.* at 718. Second, there is "a public policy exception to the employment-at-will doctrine if a clear statutory expression of a right or duty is contravened." *Id.* "Third, . . . in certain instances, an employee may invoke the doctrine of promissory estoppel. To do so effectively, the employee must plead or assert the doctrine with particularity. The employee must assert and demonstrate that the employer made a promise to the employee; that the employee relied on that promise to his detriment; and that the promise otherwise fits within the Restatement test for promissory estoppel." *Id.*

None of the exceptions apply to the Plaintiff. She is unable to point out any adequate

independent consideration, such as her leaving her former job with assured permanency and accepting employment with the Defendant upon receiving assurances that the Defendant could guarantee similar permanency. *See id.* Nor can the Plaintiff avail herself of the public policy exception because there are comprehensive remedial schemes available to her under Title VII, the Age Discrimination in Employment Act, and the Americans with Disabilities Act—under which the Plaintiff has currently pending claims. *See Davenport v. Ind. Masonic Home Found. Inc.*, 2004 WL 2278754, *5 (S.D. Ind. Sept. 30, 2004) ("The Seventh Circuit and district courts in Indiana have repeatedly predicted that Indiana courts would not recognize a common law claim for wrongful discharge contrary to public policy where the underlying statute establishes its own remedies and procedures for discrimination and retaliatory discharge.") (citing *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 504 (7th Cir.1999)). Finally, the Amended Complaint does not allege, let alone state with particularity, any promise of indefinite employment or her reliance on such a promise. Therefore, Count 4 of the Amended Complaint must be dismissed for failure to state a claim under which relief may be granted.

**(2)    *Count 5: Wrongful Discharge***

Since the Amended Complaint fails to allege an employment contract for specific duration, the Plaintiff's wrongful discharge claim must be dismissed as well. *See Rice v. Grant County Bd. of Com'rs*, 472 N.E.2d 213, 214 (Ind. Ct. App. 1984) (to maintain an action for wrongful discharge plaintiff must show that employment was for a specific period of time). Therefore, the Court will dismiss Count 5 of the Amended Complaint.

**(3)**     *Count 6: Intentional Infliction of Emotional Distress*

The Defendant insists that the Plaintiff's claim for intentional infliction of emotional distress must be dismissed because it is related to her breach of contract and wrongful discharge claims. But that is not true. The Plaintiff does not allege intentional infliction of emotional distress only in relation to her discharge; she also claims that the Defendant intentionally harassed her during her period of employment. Moreover, the Defendant's argument that her allegations do not rise to the level of intentional infliction of emotional distress is premature at this stage of the proceedings. Accordingly, although the Plaintiff may not maintain a cause of action for intentional infliction of emotional distress as it relates to her discharge, she may proceed with this claim in relation to her working conditions. The Court will not dismiss Count 6 of the Amended Complaint.

**(4)**     *Count 7: Fraud*

"Fraud is a generic term, which embraces all the multifarious means which human ingenuity can devise and which are resorted to by one individual to gain an advantage over another by false suggestions or by the suppression of truth. No definite and invariable rule can be laid down as a general proposition defining fraud, and it includes all surprise, trick, cunning, dissembling, and any unfair way by which another is cheated." *McClellan v. Cantrell*, 217 F.3d 890, 893 (7th Cir. 2000) (quoting *Stapleton v. Holt*, 207 Okla. 443 (Okla.1952)). Nevertheless, all fraud has common elements: "(1) a material representation of past or existing facts by the party to be charged; (2) which was false; (3) which was made with knowledge or reckless ignorance of the falseness; (4) was relied upon by the complaining party; and (5) proximately

6

caused the complaining party injury." *In re Termination of Parent-Child Relationship of M.B.*,

___ N.E.2d ____, 2008 WL 4756890, 12 (Ind. Ct. App. Oct. 31, 2008).

As noted above, to maintain a case for fraud, the Plaintiff must state with particularity the

circumstances constituting fraud. This enhanced pleading standard is justified by the great harm

a fraud claim can cause to business reputation. *See Payton v. Rush-Presbyterian-St. Luke's Med.*

*Ctr.*, 184 F.3d 623, 627 (7th Cir. 1999). "A plaintiff claiming fraud or mistake must do more

pre-complaint investigation to assure that the claim is responsible and supported, 'rather than

defamatory and extortionate.'" *Id*.

Although the Plaintiff's fraud claim spans five pages, she has failed to state a claim that

is consistent both with the requirements of Rule 9(b) and 12(b)(6). Here is a sample of her

allegations:

> Defendant continued to hide the Project Manager's promotion for over two and
> half years because defendant was aware that it would be a source of contention
> with the plaintiff. . . . In addition, plaintiff was told (when asked about
> suggestions for improvement) that she need not change anything about the work
> she was doing (November 2003 and continuing). . . . By implying that plaintiff
> had future in the Compliance Department, defendant prevented plaintiff from
> pursuing more lucrative possibilities. Even as late as November 2006, plaintiff
> was told by her manager that she had always done a good job for him. . . .
> Plaintiff was prevented from attending various departmental meetings by
> fraudulent cancelations of the meetings (various times). . . . Plaintiff was
> pressured to try and guess who was tampering with her computer. Plaintiff's
> computer was deliberately tampered with so as to leave her no choice but to call
> the computer help desk in order to continue working, but when she called the help
> line, no problem was found. These actions were fraudulent in nature. . . .
> Plaintiff's manager represented to plaintiff that HR thought she was stupid.
> Plaintiff now believes this to be fraudulent statement by her manager (various
> times). . . . Plaintiff's manager encouraged plaintiff to complain about harassment
> and computer problems, then wrote her up for lying. . . . Defendants made
> material misrepresentations of the fact that plaintiff be judged on the basis of
> merit and ability, and that plaintiff would be given an opportunity to interview
> and be evaluated for all the positions opening up in the Compliance Department.

(Am. Compl. at 27–29.) Not only do the Plaintiff's allegations lack particularity, they also fail to state that the Defendant's employees were knowingly making false representations, that she detrimentally relied upon them, or that the representations were the proximate cause of her injury. The Plaintiff's accusations portray her frustration at work, but they are insufficient for the Plaintiff to overcome the Defendant's motion to dismiss. Accordingly, the Court will dismiss Count 7 of the Amended Complaint.

**(5)**  *Count 8: Invasion of Privacy*

The Plaintiff titled Count 8 of the Amended Complaint as *Invasion of Privacy*. However, in paragraph 155 she alleges a claim under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 et seq., in that the Defendant intercepted her private telephone and email communications. The Defendant ignores these allegations and argues that Count 8 must be dismissed because it does not state a tort claim for invasion of privacy because she is unable to demonstrate unreasonable intrusion upon her person, publicity that unreasonably placed her in a false light, or unreasonable publicity of her private life. The Court agrees that the Plaintiff cannot maintain a state cause of action for invasion of privacy, but that does not appear to be her intent. Instead, she is suing the Defendant under the federal statute, and insofar as that is the case, she can proceed under 18 U.S.C. § 2510 et seq.

**(6)**  *Count 9: Unsafe and Unhealthy Working Environment*

In Count 9 of the Amended Complaint, the Plaintiff alleges that the Defendant subjected her to unsafe and unhealthy working conditions by making her work in locations exposed to

mold, dangerous air particles, diesel exhaust, and high carbon dioxide levels. The Plaintiff

claims that her working conditions resulted in her developing severe asthma.

As the Defendant points out correctly, the Plaintiff's remedy for any work-related

injuries lies in the Indiana Worker's Compensation Act, not this Court. *See Knoy v. Cary*, 813

N.E.2d 1170, 1171 (Ind. 2004) ("[Indiana Code § 22-3-2-2] provides the exclusive remedy for

injuries that 'arise out of and in the course of' a person's employment."). Therefore, the Court

will dismiss Count 9 of the Amended Complaint.


**(7)** *Count 11: Blacklisting*

The Indiana blacklisting statute, Indiana Code § 22-5-3-3, prohibits employers from

retaliating against employees who report federal or state law violations or misuse of public

resources:

> (b) For having made a report . . . an employee may not:
>     (1) be dismissed from employment;
>     (2) have salary increases or employment related benefits withheld;
>     (3) be transferred or reassigned;
>     (4) be denied a promotion that the employee otherwise would have
>     received; or
>     (5) be demoted.

Ind. Code § 22-5-3-3(b). Moreover, Indiana Code § 22-5-3-1 makes it unlawful for an employer

to prevent a former employee from obtaining employment with any other person:

> A person who, after having discharged any employee from his service, prevents
> the discharged employee from obtaining employment with any other person
> commits a Class C infraction and is liable in penal damages to the discharged
> employee to be recovered by civil action; but this subsection does not prohibit a
> person from informing, in writing, any other person to whom the discharged
> employee has applied for employment a truthful statement of the reasons for the
> discharge.

(b) An employer that discloses information about a current or former employee is immune from civil liability for the disclosure and the consequences proximately caused by the disclosure, unless it is proven by a preponderance of the evidence that the information disclosed was known to be false at the time the disclosure was made.

Ind. Code § 22-5-3-1(a)-(b).

The Defendant claims that the Amended Complaint fails to state a cause of action under these statutes because the Plaintiff's allegations are mere speculation. The Court agrees.

The Plaintiff alleges that her employment file "likely contains information that would prevent a positive reference"; that "[f]alse time card records may effectively remove [her] from any consideration of employment in other firms"; that "one recruiter contracted to hire for defendant was excited about [her] work history, but suddenly disappeared once she talked to someone at defendant's offices"; and that a friend of a friend said that the Plaintiff was "known for not doing a good job." (Am. Compl. at 40–41 ¶¶194–199.) Such speculative allegations are insufficient to state a valid cause of action. *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level."). Accordingly, the Court will dismiss Count 11 of the Amended Complaint.

**(8)** *Count 12: Retaliation for Whistleblowing*

In Count 12 of the Amended Complaint, the Plaintiff alleges that "approximately a year ago" she wrote a letter to a federal agency reporting that "perhaps [the Defendant] was changing the Early Warning Reports (TREAD/EWR) that she was filing with National Highway Transportation Administration (NHTSA)." (Am. Compl. at 42 ¶ 204). She believes that this letter forms a basis for a whistleblowing action.

There are two problems with the Plaintiff's claim. First, the Plaintiff sent the letter after

her employment had ended with the Defendant.[2] Hence, she cannot claim that she was

terminated in retaliation for sending the letter. Second, and just as detrimental to the Plaintiff,

she has not alleged that the Defendant has broken a law or regulation, nor has she alleged that

the

Defendant misused public resources, both of which are required to maintain a whistleblower

action. *See Ryan v. Underwriters Labs., Inc.*, 2007 WL 2316474, *6 (S.D. Ind. Aug. 8, 2007)

(the Indiana whisteblower statute "seeks to protect employees who report that, in their

employer's execution of a public contract, a law or regulation has been broken or public

resources misused"). Therefore, the Court will dismiss Count 12 of the Amended Complaint.


**D.     Conclusion**

For these reasons, the Court rules as follows:

- the Plaintiff's motion to amend the complaint (DE 28) is granted; the Court orders the

  Clerk to file the proposed amended complaint (DE 30) as a new docket entry, signifying

  the Amended Complaint;

- the Defendant's motion to partially dismiss the amended complaint (DE 22) is granted in

  part and denied in part; Counts 4, 5, 9, 11, and 12 of the Amended Complaint are

  dismissed;

- the Plaintiff's motion to strike the defendant's motion to dismiss (DE 27) is denied;

- the Plaintiff's motion to further amend the fraud claim (DE 35) is denied because the

---

[2]She was terminated in January 2007 and according to the Amended Complaint, which was filed on June 3, 2008, she sent the letter "approximately a year ago." (Am. Compl. at 42 ¶ 204.)

Plaintiff has not submitted a proposed amended complaint for the Court to review as required by Local Rule 15.1 ("A party who moves to amend a pleading shall attach the original of the amendment to the motion. Any amendment to a pleading . . . must . . . reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference.").

SO ORDERED on November 21, 2008.

           s/ Joseph S. Van Bokkelen
           JOSEPH S. VAN BOKKELEN
           UNITED STATES DISTRICT JUDGE